# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**AAMES FUNDING CORPORATION,**                              **PLAINTIFF,**

**VS.**                                  **CIVIL ACTION NO. 4:03CV134-P-D**

**CHRISTOPHER and SHARON WEBSTER,**                     **DEFENDANTS.**

## FINAL JUDGMENT

This matter comes before the court upon Aames Funding Corporation's Motion to Dismiss for Want of Prosecution [10-1]. Upon due consideration of the motion, no response having been filed by the defendants, the court finds as follows, to-wit:

On December 31, 2002, Christopher and Sharon Webster filed an action against Aames and Mississippi Mortgage Corporation in the Circuit Court of Leflore County, Mississippi. On February 27, 2003 Aames filed the instant action to compel arbitration of the Webster's claims per an agreement to arbitrate. On April 7, 2003, Aames filed for an Entry of Default due to the Websters' failure to Answer. The Clerk entered default that day. On April 11, 2003, the Websters filed an Answer. On May 1, 2003, Aames filed its motion to compel arbitration and to stay proceedings pending the outcome of arbitration. On October 1, 2003, this court granted said motion and entered an Order compelling arbitration.

As of today, almost two years later, the Websters have not initiated arbitration proceedings. The instant motion for dismissal with prejudice under Fed. R. Civ. P. 41(b) for lack of prosecution was filed on June 30, 2005. As of today, no response has been filed.

Rule 41(b) provides in pertinent part:

For failure of the **plaintiff** to prosecute or to comply with these rules or any

1

> order of court, a **defendant** may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b) (emphasis added).

The court concludes that although the Websters have not complied with the order to arbitrate, Aames has pointed to no binding authority authorizing this court to dismiss under Rule 41(b) the Websters' claims in the underlying state action. In the present case filed by Aames to compel arbitration, the Websters are not the plaintiffs with respect to Rule 41(b).

The proper course for Aames is to seek dismissal in Circuit Court of Leflore County.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Aames Funding Corporation's Motion to Dismiss for Want of Prosecution [10-1] is **DENIED**;

(2) The stay of the underlying proceeding in the Circuit Court of Leflore County, Mississippi is hereby lifted; and

(3) This case is **DISMISSED WITHOUT PREJUDICE** and is therefore **CLOSED**.

**SO ORDERED** this the 23rd day of August, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE